NO. 07-03-0550-CR
NO. 07-03-0551-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 14, 2004

_____

SAMUEL BARTHOLOMEW SMIDDY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 12,263-B & 13,873-B; HONORABLE JOHN BOARD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Following the trial court's judgments adjudicating his guilt for burglary of a building and aggravated assault, appellant Samuel Bartholomew Smiddy perfected these appeals. The clerk's records were filed on March 26, 2004. After the court reporter filed extensions of time in which to file the records indicating that no written designation or arrangement to

pay had been made, by letter dated May 13, 2004, this Court granted an extension until June 10, 2004. By that same letter, attorney Hayward M. Rigano was directed to file a written certification with this Court by June 1, 2004, indicating whether he had complied with the Rules of Appellate Procedure and if not, a reasonable explanation for non-compliance. Counsel did not respond and the reporter's records have not been filed. A review of the clerk's records demonstrates that on August 7, 2003, attorney George Harwood was appointed to represent appellant. However, a month later the trial court granted a motion to substitute Rigano as appellant's counsel.

Therefore, we now abate these appeals, and remand the causes to the trial court for further proceedings. *See* Tex. R. App. P. 37.3(a)(2). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.     whether appellant desires to prosecute these appeals;
2.     whether appellant is indigent and entitled to appointed counsel; and
3.     why appellant is being deprived of reporter's records.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue these appeals and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel

shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in supplemental clerk's records. The supplemental records of the hearing shall also be included in the appellate records. Finally, the trial court shall file the supplemental clerk's records and the supplemental reporter's records with the Clerk of this Court by Monday, July 26, 2004.

It is so ordered.

Per Curiam

Do not publish.